UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WITCHES BREW TOURS LLC, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | SECTION: |
| | § | JUDGE: |
| WITCHES BREW COFFEE CO LLC | § | MAGISTRATE JUDGE: |
| Defendant. | § | |

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,
AND FALSE DESIGNATION OF ORIGIN

Plaintiff Witches Brew Tours, LLC, through undersigned counsel, files this Complaint against Witches Brew Coffee Co LLC, and alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action for federal trademark infringement, unfair competition, and false designation of origin under 15 U.S.C. §§ 1114 and 1125(a), as well as related claims under Louisiana law, arising from Defendant's unauthorized use of the name "Witches Brew Coffee Co" because it incorporates the dominant, source-identifying portion of Plaintiff's registered trademark WITCHES BREW TOURS®.

2. Defendant's adoption and use of "Witches Brew" in the same marketplace as Plaintiff—New Orleans' highly trafficked hospitality and tourism district—creates a likelihood of consumer confusion and constitutes unlawful free-riding on Plaintiff's

goodwill and reputation.

## II.   JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 because this action arises under the Lanham Act.

4. This Court has supplemental jurisdiction over the Louisiana state-law claims under 28 U.S.C. § 1367.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant conducts business in this District, uses the infringing name in commerce in this District, and a substantial part of the events giving rise to the claims occurred in this District.

6. Personal jurisdiction is proper because Defendant is a Louisiana limited liability company operating its business in New Orleans, Louisiana.

## III. PARTIES

7. Witches Brew Tours LLC is a Louisiana limited liability company with its principal place of business at 1100 Poydras Street, Suite 2900, New Orleans, Louisiana 70163.

8. Witches Brew Coffee Co LLC is a Louisiana limited liability company organized on

July 14, 2025, and has its principal place of business at 3220 Jefferson Avenue, New Orleans, Louisiana 70125.

### IV. FACTS COMMON TO ALL CLAIMS

A. <u>Plaintiff's Trademark Rights</u>

9. Plaintiff holds an exclusive, irrevocable, royalty-bearing license to use the service mark WITCHES BREW TOURS® and any confusingly similar derivations ("WITCHES BREW TOURS mark") and has continuously used the WITCHES BREW TOURS mark in commerce for ghost tours and related entertainment services in New Orleans since at least April 1, 2012.

10. The WITCHES BREW TOURS mark was registered on the Principal Register under Mark Registration No. 6,163,591 on September 29, 2020. A true and correct copy of the registration certificate is attached as Exhibit 1.

11. The registration covers Class 41: Conducting guided ghost tours.

12. The dominant and distinctive portion of Plaintiff's mark is "WITCHES BREW." No claim was made in the registration to the exclusive right to use the word "Tour," apart from in the WITCHES BREW TOURS mark.

13. For more than thirteen years, Plaintiff has built a highly recognizable brand within

the New Orleans French Quarter and surrounding areas, achieving substantial goodwill among residents, tourists, and the hospitality industry.

14. On March 10, 2023, Plaintiff sublicensed the use of the WITCHES BREW TOURS mark to Witches Brew Tours Gallery & Haunts LLC, which has continuously conducted business in the French Quarter at 311 Exchange Pl, New Orleans, LA 70130.

B. <u>Defendant's Adoption of an Identical Dominant Term in the Same Marketplace</u>

15. In 2025, Defendant adopted the business name "Witches Brew Coffee Co" for use in connection with its café operations in New Orleans.

16. Plaintiff discovered that Defendant intended to open or operate its business on or near Canal Street, which directly borders the French Quarter—Plaintiff's core market.

17. Defendant's use of "Witches Brew" appropriates the exact dominant portion of Plaintiff's registered mark and presents the false impression that Defendant is affiliated with, sponsored by, or an extension of Plaintiff's well-known brand.

18. On November 16, 2025, Plaintiff sent Defendant a cease-and-desist letter demanding that it cease unlawful use of the "Witches Brew" name. A true and correct copy is attached as Exhibit 2.

19. On November 20, 2025, Defendant responded in writing, refusing to cease use of the name. A true and correct copy is attached as Exhibit 3.

20. Defendant's letter admits it knowingly adopted and is using the name "Witches Brew Coffee Co" in New Orleans despite Plaintiff's longstanding senior rights.

21. Defendant's refusal to rebrand makes injunctive relief necessary to prevent ongoing and irreparable harm to Plaintiff's mark and goodwill.

## V. CLAIMS FOR RELIEF

### COUNT I: Federal Trademark Infringement (15 U.S.C. § 1114)

22. Plaintiff incorporates all preceding paragraphs.

23. Plaintiff's WITCHES BREW TOURS® mark is valid and protectable.

24. Plaintiff has priority of use dating back to 2012.

25. Defendant's use of "Witches Brew Coffee Co" in commerce is without Plaintiff's authorization.

26. Defendant's mark is confusingly similar to Plaintiff's registered mark because it incorporates the identical dominant term "Witches Brew."

27. The parties operate in overlapping markets, geographic areas, and customer channels, including the New Orleans hospitality and tourism ecosystem. The parties target the same customer pool—i.e., tourists and hospitality consumers—and operate in overlapping physical and online commerce channels, further increasing the likelihood of confusion.

28. Defendant's use constitutes trademark infringement under 15 U.S.C. § 1114(1).

29. The harm to Plaintiff is immediate, ongoing, and self-perpetuating. Each day the Defendant operates under the infringing name, confusion increases, association between the marks strengthens, and Plaintiff's brand identity weakens. Once consumers associate the Witches Brew Tours mark with another business—especially one located in the same tourism-driven New Orleans market—that association cannot be un-rung, and no monetary award can restore exclusivity or undo marketplace confusion.

**COUNT II: False Designation of Origin & Unfair Competition (15 U.S.C. § 1125(a))**

30. Plaintiff incorporates all preceding paragraphs.

31. Defendant's use of "Witches Brew Coffee Co" creates a false designation of origin and falsely implies sponsorship, affiliation, or endorsement by Plaintiff.

32. Defendant's actions constitute unfair competition under 15 U.S.C. § 1125(a).

33. Plaintiff repeats and realleges the irreparable-harm allegations set forth in ¶ 28 of Count I as if fully stated herein.

### COUNT III: Louisiana Unfair Trade Practices Act (La. R.S. 51:1405; §1409)

34. Plaintiff incorporates all preceding paragraphs.

35. Defendant's knowing and willful adoption of a confusingly similar name—i.e., one that appropriates the dominant element of Plaintiff's federally registered mark and is used in the very same tourism marketplace—constitutes an unfair method of competition and a deceptive trade practice. Defendant's conduct is designed to create consumer association with Plaintiff, divert business, and exploit Plaintiff's goodwill, thereby causing marketplace confusion and harm that cannot be remedied by monetary damages alone.

36. Under La. R.S. 51:1409, Plaintiff is entitled to damages and attorney's fees.

37. Plaintiff repeats and realleges the irreparable-harm allegations set forth in ¶ 28 of Count I as if fully stated herein.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and award the following relief:

1) A preliminary injunction, and thereafter a permanent injunction prohibiting Defendant from using "Witches Brew," "Witches Brew Coffee Co," or any confusingly similar name in commerce;

2) An order requiring Defendant to remove all marketing materials—e.g., signage, advertising, filings, domain names—bearing the infringing name;

3) An award of Defendant's profits, Plaintiff's damages, and corrective advertising costs under 15 U.S.C. § 1117(a);

4) A finding that this is an exceptional case entitling Plaintiff to an award of attorney's fees;

5) An award of pre- and post-judgment interest;

6) An award of costs of suit; and

7) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

DAVID W. NANCE LAW FIRM LLC

BY:   */s/ David W. Nance*

      David W. Nance (La. Bar #25467)
      3912 Constance Street
      New Orleans, Louisiana 70113
      Cell: (504) 450-3938
      Email: david@dwnlaw.com

COUNSEL FOR PLAINTIFF
WITCHES BREW TOURS LLC