504.450.3938 direct
504.355.1669 fax
david@dwnlaw.com

www.dwnlaw.com
EIN: 47-3213553

3912 Constance St.
New Orleans, LA 70115

# DAVID W. NANCE
# LAW FIRM LLC

November 16, 2025

Client Ref.: DWN1821F

**Via First-Class Mail and CMRRR:**

Witches Brew Coffee Co. LLC
Attn: Paul Desana, Manager/Member
3220 Jefferson Ave.
New Orleans, LA 70125

Re.: Unauthorized Use of "Witches Brew" — Infringement of Federally Registered Trademark WITCHES BREW TOURS® (Reg. No. 6,163,591) 6,163,591

Dear Mr. Desana:

This firm represents Witches Brew Tours, LLC ("WBT"), the only licensed user of the federally registered trademark WITCHES BREW TOURS®, U.S. Reg. No. 6,163,591, which has been in continuous use in commerce since no later than 2012. For over a decade, WBT has maintained an established, highly visible commercial presence in the New Orleans French Quarter and surrounding areas, where the WITCHES BREW® brand has acquired significant distinctiveness and consumer recognition.

It has come to our attention that your company, Witches Brew Coffee Co. LLC—organized in 2025—is operating or preparing to operate a commercial establishment under the name "Witches Brew Coffee Co." in New Orleans, including on or near Canal Street. This location borders the French Quarter, the same market in which WBT has extensively operated and built goodwill for more than thirteen years.

Your use of the words "Witches Brew" constitutes an unauthorized appropriation of the dominant, source-identifying component of our client's registered trademark. The law is unequivocal: using an identical or confusingly similar mark in a related commercial environment—particularly within the same geographic market—constitutes trademark infringement and unfair competition under both federal and Louisiana law.

**Plaintiff's Exhibit 2**

I. Federal Trademark Infringement (15 U.S.C. §§ 1114, 1125(a))

Your adoption and use of "Witches Brew Coffee Co." creates a likelihood of confusion as a matter of law. The similarity of the marks, the proximity of the services, and the overlapping customer base—tourists and residents seeking hospitality-related services—present a textbook case of infringing conduct. Consumers encountering your business are overwhelmingly likely to believe it is sponsored by, affiliated with, or endorsed by WBT, or that it represents an extension of the WITCHES BREW® brand.

Such use violates Sections 32 and 43(a) of the Lanham Act and exposes your company to liability for injunctive relief, damages, disgorgement of profits, corrective advertising, and attorney's fees.

II. Common-Law Priority and Market Dominance

In addition to federal registration, WBT holds senior, continuous common-law trademark rights throughout New Orleans. Your company's recent formation—over a decade after WBT established its brand—does not confer any right to usurp or dilute our client's longstanding goodwill.

III. Violations of the Louisiana Unfair Trade Practices Act (La. R.S. 51:1405, 1409)

Your actions also constitute unfair competition and deceptive conduct under Louisiana law. The intentional use of a confusingly similar name within the same marketplace is a prohibited practice subject to injunctive relief and an award of attorney's fees.

DEMAND FOR IMMEDIATE ACTION

Accordingly, WBT demands that Witches Brew Coffee Co. LLC:

1. Immediately and permanently cease all use of the words "Witches Brew" in connection with any business name, signage, advertising, website, social media, or commercial operations;

2. Remove, withdraw, or amend all business filings, promotional materials, domain names, and related digital assets that include the words "Witches Brew";

3. Provide written confirmation within ten (10) days of this letter that the infringing use has ceased and that you will adopt a non-confusing business name;

4. Confirm that no further use of the mark or any confusingly similar variation will occur.

Failure to timely comply will result in WBT taking all necessary legal action without further notice. This includes seeking a temporary restraining order, preliminary and permanent injunctions, statutory damages, disgorgement of profits, treble damages where applicable, and full recovery of attorney's fees and costs. Our client is prepared to enforce its rights aggressively.

Nothing contained herein constitutes a waiver of any rights or remedies, all of which are expressly reserved.

Sincerely,

*David Nance*

David W. Nance