Paul DeSana
Witches Brew Coffee Co. LLC
3220 Jefferson Ave.
New Orleans, LA 70125

November 20, 2025

David W. Nance
David W. Nance Law Firm LLC
3912 Constance St.
New Orleans, LA 70115

Re: Response to Cease-and-Desist Letter Dated November 16, 2025

Dear Mr. Nance:

This letter responds to your correspondence alleging infringement of the trademark WITCHES BREW TOURS® received on November 18, 2025. After reviewing the claims, it is evident that the assertions made are unfounded.

Witches Brew Coffee Co. LLC is a food and beverage establishment operating exclusively as a café and coffee business. We do not offer or promote tours, entertainment services, or any business activity related to your client's industry. Our services, commercial purpose, customer base, and marketing channels differ entirely from those of a tour company.

Additionally, our branding bears no resemblance whatsoever to your client's mark or trade dress. Our logos, fonts, color schemes, and overall visual presentation are distinct in appearance, style, and commercial impression. Nothing in our branding suggests any association with a tour operator or with your client's services.

Furthermore, our businesses operate in geographically distinct areas and serve different types of customers. Your client conducts tour services primarily within the French Quarter tourism district, while our café operates in the Mid-City neighborhood catering to a local residential community. This geographic separation further eliminates any realistic possibility of consumers confusing a café with a tour company.

**Plaintiff's Exhibit 3**

As you are undoubtedly aware, your client's registered mark WITCHES BREW TOURS® is limited to its designated goods and services. It does not grant exclusive rights to the common descriptive phrase "Witches Brew" across unrelated industries such as cafés, food establishments, or beverage retail. Numerous businesses nationwide, including other cafés, use "Witches Brew," demonstrating that the term is diluted and widely understood as non-exclusive. Courts have repeatedly held that even very famous marks such as BARBIE and STARBUCKS cannot automatically prevent all uses of similar words for dissimilar services.

Attempts to broadly restrict unrelated businesses from using a descriptive and widely adopted phrase can raise concerns of trademark overreach. Enforcing a common term outside the scope of your client's registered service class is inconsistent with the limits of trademark protection and may be perceived as an attempt to discourage lawful use by unrelated businesses.

There is no likelihood of consumer confusion between a café and a tour operator, and no basis for the claims made in your letter. For these reasons, we reject the allegations.

If your client believes it has actual evidence, beyond speculation, showing real marketplace confusion between our café and a ghost tour company, you may provide it for review. Absent such evidence, we consider this matter resolved and will continue operating under our existing business name.

Sincerely,

*Paul Bzz*

Paul DeSana, Owner

Witches Brew Coffee Co. LLC