UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WITCHES BREW TOURS LLC,

     Plaintiff,

Versus

WITCHES BREW COFFEE CO LLC,

     Defendant.

CIVIL ACTION NO. 2:25-cv-02410

DISTRICT JUDGE
SARAH S. VANCE

MAGISTRATE JUDGE
EVA J. DOSSIER

## DEFENDANT'S ANSWER AND DEFENSES

Defendant Witches Brew Coffee Co LLC ("Defendant" or "Witches Brew Coffee"), by and through undersigned counsel, files this Answer and Defenses to the Complaint filed by Plaintiff Witches Brew Tours LLC ("Plaintiff"), and responds to the allegations contained therein as follows. To the extent any allegation is not expressly admitted, it is denied.

## ANSWER

1.    The first sentence of Paragraph 1 characterizes Plaintiff's legal claims, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring claims under the cited statutes. Defendant denies that its use of the name "Witches Brew Coffee Co" constitutes unauthorized use of any protectable element of Plaintiff's mark. Defendant denies the remaining allegations of Paragraph 1.

2.    Defendant denies the allegations of Paragraph 2. Defendant specifically denies that its use of "Witches Brew" in connection with cafe and coffee services

1

creates any likelihood of consumer confusion with Plaintiff's ghost tour services or constitutes "free-riding" on Plaintiff's goodwill or reputation.

3.     Defendant admits that Plaintiff purports to invoke the Court's subject-matter jurisdiction under the cited statutes. Defendant reserves the right to challenge the Court's jurisdiction as permitted by law.

4.     Defendant admits that the Court may exercise supplemental jurisdiction over properly pleaded state-law claims under 28 U.S.C. § 1367, but denies that Plaintiff has stated a viable state-law claim.

5.     Defendant admits that it conducts business in this District and does not contest venue in this action.

6.     Defendant admits that it is a Louisiana limited liability company operating in New Orleans, Louisiana.

7.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, including Plaintiff's form of organization, its principal place of business, and the address stated, and therefore denies the same.

8.     Defendant admits that Witches Brew Coffee Co LLC is a Louisiana limited liability company organized in 2025, with its principal place of business at 3220 Jefferson Avenue, New Orleans, Louisiana 70125.

9.     The allegations of Paragraph 9 are not directed at Defendant, and therefore no response is required. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth

2

of these allegations and therefore denies the same. Defendant further denies that any license held by Plaintiff extends to the right to prevent the use of common descriptive terms by unrelated businesses in unrelated industries.

10.    The allegations of Paragraph 10 are not directed at Defendant, and therefore no response is required. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies the same.

11.    The allegations of Paragraph 11 are not directed at Defendant, and therefore no response is required. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies the same.

12.    The allegations of Paragraph 12 are not directed at Defendant and state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies the same.

13.    The allegations of Paragraph 13 are not directed at Defendant and state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies the same.

14.    The allegations of Paragraph 14 are not directed at Defendant, and therefore no response is required. To the extent a response is deemed necessary,

Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies the same.

15.    Defendant admits that it uses the business name "Witches Brew Coffee Co" in connection with its cafe operations in New Orleans. Defendant denies that the phrase "Witches Brew" is identical to, or an appropriation of, any protectable element unique to Plaintiff's mark.

16.    Defendant admits that it operates a cafe on Canal Street in New Orleans. Defendant denies that the location of its cafe, standing alone, has any bearing on the likelihood of confusion between a coffee shop and a ghost tour company. The remaining allegations of Paragraph 16, including the characterization of the French Quarter as Plaintiff's "core market," state legal conclusions to which no response is required.

17.    Defendant denies the allegations of Paragraph 17.

18.    Defendant admits that it received a letter from Plaintiff's counsel dated November 16, 2025. The letter speaks for itself.

19.    Defendant admits that it responded in writing on November 20, 2025, and that its response declined Plaintiff's demand to cease use of the name "Witches Brew Coffee Co." The letter speaks for itself.

20.    Defendant admits that it uses the name "Witches Brew Coffee Co" in New Orleans for café services. Defendant denies that Plaintiff possesses "longstanding senior rights" in the common phrase "Witches Brew" sufficient to

preclude its use by an unrelated business in a completely different industry. Defendant denies the characterization of its letter set forth in Paragraph 20.

21. Defendant denies the allegations of Paragraph 21, including that injunctive relief is necessary or that Plaintiff's mark or goodwill has been or will be harmed by Defendant's operation of a coffee shop.

22. Paragraph 22 does not contain any allegations directed at Defendant, and therefore no response is required.

23. The allegations of Paragraph 23 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies the same.

24. Defendant lacks sufficient knowledge or information to form a belief as to Plaintiff's priority of use and therefore denies the same.

25. Defendant admits that it has not obtained Plaintiff's authorization to use the name "Witches Brew Coffee Co" and denies that any such authorization is required.

26. Defendant denies the allegations of Paragraph 26. Defendant's mark is not confusingly similar to Plaintiff's mark. The marks are used in connection with entirely different services -- ghost tours on one hand and cafe/coffee services on the other -- and no reasonable consumer would confuse the two.

27. Defendant denies the allegations of Paragraph 27. The parties do not operate in overlapping markets or target the same customer pool. Plaintiff conducts

ghost tours; Defendant operates a coffee shop. The services, trade channels, methods of marketing, and purchasing decisions involved are fundamentally different. The allegation that both parties operate in the "New Orleans hospitality and tourism ecosystem" is so broad as to encompass virtually every business in the city and does not establish any meaningful overlap.

28.    Defendant denies the allegations of Paragraph 28.

29.    Defendant denies the allegations of Paragraph 29.

30.    Paragraph 30 does not contain any allegations directed at Defendant, and therefore no response is required.

31.    Defendant denies the allegations of Paragraph 31.

32.    Defendant denies the allegations of Paragraph 32.

33.    Defendant incorporates by reference its response to Paragraph 28.

34.    Paragraph 34 does not contain any allegations directed at Defendant, and therefore no response is required.

35.    Defendant denies the allegations of Paragraph 35.

36.    The allegations of Paragraph 36 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any damages or attorney's fees under La. R.S. 51:1409 or otherwise.

37.    Defendant incorporates by reference its response to Paragraph 28.

6

38.    The remaining allegations constitute a Prayer for Relief. Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief or to any relief whatsoever.

## DEFENSES

Without assuming the burden of proof on any issue for which it would not otherwise bear such burden, and without waiving any objection as to the relevance or materiality of any defense, Defendant asserts the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

The Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### No Likelihood of Confusion

Plaintiff's claims fail because there is no likelihood of confusion between Plaintiff's mark and Defendant's name. The services offered by Defendant -- cafe and coffee services -- are wholly unrelated to Plaintiff's registered services of conducting guided ghost tours. The respective trade channels, classes of consumers, methods of marketing, and purchasing decisions are entirely distinct. No reasonably prudent consumer exercising ordinary care would confuse a coffee shop with a ghost tour company, regardless of any similarity in the "Witches Brew" element of the parties' respective names.

## THIRD AFFIRMATIVE DEFENSE
### Weakness of the Mark

The phrase "Witches Brew" is a weak mark entitled to a narrow scope of protection. The term is widely used by third parties across numerous industries, is highly suggestive or descriptive of New Orleans-related goods and services, and does not possess the distinctiveness necessary to support the breadth of protection Plaintiff seeks. Plaintiff cannot establish exclusive rights in a common phrase sufficient to preclude its use by businesses in unrelated fields.

## FOURTH AFFIRMATIVE DEFENSE
### Dissimilarity of Services and Trade Channels

Defendant's cafe and coffee services are entirely different from Plaintiff's ghost tour services. The parties' respective goods and services do not compete, are not related in the minds of consumers, and do not travel through the same trade channels. Consumers do not exercise the same degree of care or use the same methods of selection in choosing a coffee shop as they do in selecting a guided ghost tour.

## FIFTH AFFIRMATIVE DEFENSE
### No Actual Confusion

Plaintiff has not identified, and upon information and belief cannot identify, a single instance of actual consumer confusion between the parties' respective businesses. The absence of actual confusion despite the concurrent operation of the parties' businesses in the same city is strong evidence that no likelihood of confusion exists.

## SIXTH AFFIRMATIVE DEFENSE
### No Entitlement to Injunctive Relief

Plaintiff is not entitled to preliminary or permanent injunctive relief because it cannot satisfy the requirements for such relief, including, without limitation, the requirements of demonstrating a likelihood of success on the merits, irreparable injury, that the balance of hardships favors injunctive relief, and that an injunction would serve the public interest.

## SEVENTH AFFIRMATIVE DEFENSE
### Failure to Establish Rights Under 15 U.S.C. § 1114

Plaintiff's claim under 15 U.S.C. § 1114 fails because Plaintiff is not the registrant of the WITCHES BREW TOURS mark and has not established that it possesses rights sufficient to maintain a cause of action under that statute. Plaintiff has not alleged facts establishing that its purported license constitutes an assignment or is tantamount to an assignment of the mark.

## EIGHTH AFFIRMATIVE DEFENSE
### No Entitlement to Monetary Relief

Plaintiff is not entitled to an award of Defendant's profits, Plaintiff's alleged damages, corrective advertising costs, or any other monetary relief under 15 U.S.C. § 1117 or otherwise. Among other reasons, Plaintiff has not suffered and cannot demonstrate any actual damages, and Defendant has not been unjustly enriched by any use of the phrase "Witches Brew."

9

### NINTH AFFIRMATIVE DEFENSE
### No Irreparable Harm

Plaintiff cannot establish irreparable harm. The parties operate entirely different businesses in different industries, and Plaintiff has not demonstrated that Defendant's use of the name "Witches Brew Coffee Co" has caused or is likely to cause any cognizable injury to Plaintiff's mark, goodwill, or reputation.

### TENTH AFFIRMATIVE DEFENSE
### Unclean Hands

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Defendant reserves the right to supplement this defense as discovery proceeds.

### ELEVENTH AFFIRMATIVE DEFENSE
### Failure to Join an Indispensable Party

To the extent Plaintiff's rights derive from a license rather than ownership, the registrant of the mark, Thomas Cook, is a required party under Federal Rule of Civil Procedure 19. The registrant's absence from this action may impair his ability to protect his interest in the mark and subjects Defendant to the risk of inconsistent obligations.

### TWELFTH AFFIRMATIVE DEFENSE
### Acquiescence

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence. Defendant reserves the right to supplement this defense as discovery proceeds.

10

### THIRTEENTH AFFIRMATIVE DEFENSE
### No Willful Infringement

Defendant's adoption and use of the name "Witches Brew Coffee Co" was undertaken in good faith, without any intent to trade on Plaintiff's goodwill or to cause consumer confusion. Defendant's selection of the name was not based on any awareness of or desire to appropriate Plaintiff's ghost tour brand. There has been no willful infringement.

### FOURTEENTH AFFIRMATIVE DEFENSE
### This Is Not an Exceptional Case

This case is not an exceptional case warranting an award of attorney's fees under 15 U.S.C. § 1117(a). Defendant's conduct does not stand out from others in terms of the substantive strength of a party's position or the unreasonableness of the manner in which the case has been litigated.

### FIFTEENTH AFFIRMATIVE DEFENSE
### Limitation on Scope of Mark

Plaintiff's federally registered mark WITCHES BREW TOURS is limited to the goods and services identified in the registration -- Class 41: Conducting guided ghost tours -- with the word "TOURS" disclaimed. The registration does not confer upon Plaintiff the right to exclude all other businesses from using the common phrase "Witches Brew" in connection with unrelated goods and services.

### Reservation of Defenses

Defendant reserves the right to assert additional defenses as they become known through the course of discovery and further investigation. The assertion of any

11

defense herein shall not be construed as an admission that the burden of proving any fact or issue rests upon Defendant.

**WHEREFORE**, Defendant Witches Brew Coffee Co LLC respectfully requests that the Court:

(a)    Dismiss Plaintiff's Complaint in its entirety, with prejudice;

(b)    Deny all relief sought by Plaintiff;

(c)    Award Defendant its costs of suit and reasonable attorneys' fees to the extent permitted by law; and

(d)    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Brad E. Harrigan*
Brad E. Harrigan (Bar #29592)
TOLAR HARRIGAN & MORRIS LLC
8117 Oak Street, Suite 203
New Orleans, LA 70118
(504) 571-5317
(504) 571-5437 (facsimile)
bharrigan@nolaipa.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served electronically on all counsel of record herein via the Court's ECF system on this 17th day of March, 2026.

*/s/ Brad E. Harrigan*

12