UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

## PRETRIAL NOTICE

**This notice contains new material. Revised July 2024.**

The attorneys who will try the case shall attend the pretrial conference unless the Court grants permission before the conference for other counsel to attend. These attorneys shall familiarize themselves with the pretrial rules and shall attend the conference with full authority to accomplish the purposes of Rule 16 of the Federal Rules of Civil Procedure. Counsel must be fully authorized and prepared to discuss settlement possibilities with the Court. Counsel are urged to discuss the possibility of settlement with each other thoroughly before undertaking the extensive labor of preparing the proposed pretrial order. Save your time, the Court's time, and the client's time and money.

The Court will not continue pretrial conferences except for good cause shown in a **written** motion submitted sufficiently in advance of the conference for opposing counsel to respond. Counsel's failure to appear at the conference may result in sanctions,including but not limited to *sua sponte* dismissal of the suit, assessment of costs and attorneys' fees, default, or other appropriate sanctions.

The procedure necessary to prepare the formal pretrial order that will be reviewed and entered at the conference is as follows:

## I.    Meeting of Counsel

Unless the Court specifies a different date, no later than 10 days before the scheduled pretrial conference, counsel for all parties shall confer in person or by telephone to prepare the pretrial order, to arrive at all possible stipulations and to develop a witness and exhibit list to be included in the pretrial order.  Counsel for plaintiff shall

initiate this conference, and other counsel shall respond. Any party that, after reasonable effort, cannot obtain the cooperation of other counsel shall communicate immediately with the Court.

Counsel shall furnish each other with a statement of the real issues each party will offer evidence to support, eliminating any issues about which there is no real controversy, and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party. Counsel for plaintiff shall then prepare a pretrial order and submit it to other counsel, after which all counsel jointly will submit the final draft of the proposed pretrial order to the Court.

At their meeting, counsel shall consider the following:

A. **Jurisdiction.** Because jurisdiction may not be conferred by consent and because prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel shall make reasonable efforts to ascertain that the Court has jurisdiction.

B. **Parties.** Counsel shall make reasonable efforts to identify all legal entities correctly, including the correct designation of a party as a partnership, corporation, or individual d/b/a trade name. Counsel shall also consider whether it is necessary to appoint a tutor, guardian, administrator, executor, etc., and the validity of any appointment already made.

C. **Exhibits and Deposition Testimony.** As set forth in the Scheduling Order, the parties shall exchange witness lists, deposition transcripts, exhibit lists, trial exhibits and proposed deposition designations; confer on objections to the foregoing items; and submit memoranda on unresolved objections on the dates set forth in the Scheduling Order.

## II.  Pretrial Order

The pretrial order shall be electronically submitted to the Court **no later than 12:00 p.m. (noon)** on a day that allows at least one full business day prior to the pretrial

2

conference, excluding Saturdays, Sundays, and holidays (e.g., if the conference is set for Thursday, the pretrial order must be submitted by 12:00 p.m. on Tuesday).

The pretrial order shall bear the signatures of all counsel when it is submitted to the Court and shall contain an appropriate signature space for the Judge. Following the pretrial conference, the Court will file the signed copy of the order into the record. The order will set forth:

1. The date of the pretrial conference.

2. The appearance of counsel, identifying the party(ies) represented.

3. A description of the parties, and in cases of insurance carriers, insured(s) must be identified. The legal relationships of all parties with reference to the claims, counterclaims, third-party claims, cross claims, etc.

4. A statement of the basis for jurisdiction of each claim, counterclaim, and third-party claim.

5. A list and description of any motions pending or contemplated, and any special issues appropriate for determination before trial. If the Court at any prior hearing has indicated that it would decide certain matters pretrial, counsel shall include a brief summary of those matters and the position of each party with respect thereto.

6. A summary of the material facts claimed by:
   a. Plaintiff
   b. Defendant
   c. Other parties.
   The factual statement must include the facts the parties rely on to establish their claims and defenses.

7. A **single listing** of all uncontested material facts.

8. A **single listing** of the contested issues of fact. Counsel need not concur in a statement of the issues, but they must include all issues of fact in a single list.

9. A **single listing** of the contested issues of law. (*See* explanation in 8 above.)

10. If special damages are sought they shall be itemized with particularity.

11. For each party, a list and description of exhibits intended to be introduced at trial .

   a. Each list of exhibits shall first describe those that are to be admitted without objection and then those to which there will be objection, noting by whom the objection is made (if there are multiple adverse parties) and the nature of the objection.

   b. Any party that believes it has **good cause** not to disclose exhibits to be used solely for impeachment, may *ex parte* request a conference with the Court and make its position known to the Court *in camera*.

   c. Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order. If there are such exhibits, the pretrial order shall state "The parties will discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the pretrial conference."

   d. Unless otherwise ordered by the Court, only exhibits included on the exhibit list and/or for which memoranda have been submitted shall be admissible at trial.

**12.**

    **a.**    A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects (demonstrative exhibits) that, although not to be offered in evidence, respective counsel intend to use at trial.

    **b.**    Either a stipulation that the parties have no objection to the use of the demonstrative exhibits or a statement of the objections to their use.

**13.**

    **a.**    A list of witnesses for all parties, including the names, addresses, and statement of the general subject matter of their testimony (it is not sufficient to designate the witness as simply "fact," "medical" or "expert") and a statement whether the witness will testify live or by deposition.

    **b.**    A statement that the witness list was filed in accordance with prior court orders. The Court will not permit any witness, expert or fact, to testify unless there has been compliance with all previous orders that pertains to witnesses, except for good cause.  This restriction will not apply to rebuttal witnesses whose necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with prior court orders. Expert witnesses whose reports have not been furnished to opposing counsel shall not be permitted to testify. Nor shall experts be permitted to testify to opinions not included in the reports timely furnished;

        all provisions of the pretrial order and prior court orders with respect to such witness.

14.    A statement indicating whether the case is a jury or non-jury case. If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which shall be specified.

15.    In cases where damages are sought, include a statement for completion by the Court, that "The issue of liability (will or will not) be tried separately from that of quantum."

16.    A statement describing any other matters that might expedite a disposition of the case.

17.    A statement that trial shall commence on_____, 20__at _____ a.m./p.m., and a realistic estimate of the number of trial days required. Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given. In addition, the proposed order must contain a sentence including the trial date and time previously assigned.

18.    The statement that "This pretrial order has been formulated after conference at which counsel for the respective parties have appeared. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19.    The statement that "Possibility of settlement of this case was considered."

20.    The proposed pretrial order must contain appropriate signature spaces for counsel for all parties and the district judge.

**IT IS FURTHER ORDERED** that the foregoing Pretrial Notice be mailed to counsel of record for all parties to this case, and counsel will comply with the directions set forth herein.

New Orleans, Louisiana

SARAH S. VANCE
United States District Judge